IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Erin Pintens, and Rebecca Gerroll on behalf of themselves and those similarly situated, | ) ) ) ) | Case No. 1:15-cv-04733 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Unite Grill LLC, d/b/a, Unite Urban Grill, Joseph D. Krouse, and Jayson Lane, | ) ) ) ) | |
| Defendants, | ) ) | Jury Trial Demanded |

### COMPLAINT

Now comes plaintiffs Erin Pintens and Rebecca Gerroll ("Plaintiffs"), through their attorneys, Hale Law LLC, complaining against Unite Grill LLC d/b/a/ Unite Urban Grill, Joseph D. Krouse, and Jason Lane ("Defendants"), and hereby state and allege as follows:

### JURISDICTION

1. Plaintiffs' action for unpaid wages and other relief arises under the Fair Labor Standards Act ("FLSA"), 29 U. S. C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq*.

2. This Court has original jurisdiction over this action pursuant to the FLSA. 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims under the IMWL, 820 ILCS § 105/1 *et seq.*, and the IWPCA, 820 ILCS § 115/1 *et seq.*

4. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391. The events giving rise to the claims in this complaint occurred within the geographical area covered by this Court.

5. Defendant Unite Grill LLC, d/b/a, Unite Urban Grill ("Unite") is an Illinois Limited Liability Company with its principal place of business located at 1450 W. Chicago Avenue, Chicago, Illinois 60642. Defendant Unite was engaged at all relevant times in the food service business.

6. Defendant Joseph D. Krouse owns a controlling ownership interest in Unite and at all relevant times herein, conducted business by and for Unite within Cook County, Illinois. Defendant Krouse throughout all relevant times acted on behalf of and for the benefit of Unite in paying employees under the scheme described herein.

7. Defendant Jayson Lane was the general manager of Unite throughout all relevant times and acted on behalf of and for the benefit of Unite in paying employees under the scheme described herein.

8. Defendants Unite, Krouse, and Lane are employers within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS § 105/3(c); and the IWPCA, 820 ILCS §§ 115/2, 115/13.

9. Defendants were at all times engaged in the sale of food goods and services in interstate commerce, or employed employees handling or otherwise working

on goods that had been moved in or produced for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. From approximately February 2014 through July 2014, Plaintiff Pintens was employed at Unite, primarily as a waitress. At all relevant times, Plaintiff Pintens was being paid less than the federal and state minimum wage.

11. From approximately October 2013 through September 2014, Plaintiff Gerroll was employed at Unite, primarily as a waitress. At all relevant times, Plaintiff Gerroll was being paid less than the federal and state minimum wage.

12. The named plaintiffs were at all relevant times employees within the meaning of the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS § 105(3)(d) and the IWPCA, 820 ILCS § 115(2). The named plaintiffs are citizens of the United States and residents of Cook County, Illinois.

### COUNT I – FAIR LABOR STANDARDS ACT VIOLATION AGAINST DEFENDANTS UNITE, KROUSE, AND LANE
### (COLLECTIVE ACTION)

13. Plaintiffs reallege and incorporate all preceding paragraphs above into this Count as if fully set forth herein against Defendant Unite.

14. Plaintiffs bring Count I on behalf of themselves and others similarly situated pursuant to 29 U.S.C. §§ 206.

15. Plaintiffs were non-exempt at all relevant times. At no time did Plaintiffs agree to being paid a salary of any kind in lieu of an hourly wage. Plaintiffs did not agree to or otherwise sign any bona fide individual contract with Defendants.

16. Plaintiffs' typical work weeks varied, depending on Unite's needs, but they regualarly worked on weekdays and weekends. An example of a typical shift would be from around 5:00 PM to 11:30 PM, and often their work go until 1 AM.

17. Defendants paid Plaintiffs less than the minimum wage of $7.25, and Defendants claimed a tip credit for the difference.

18. At all relevant times during Plaintiffs' employment, Defendants required Plaintiffs to put all of her tips into a tip pool that was collected and distributed by defendants Joseph D. Krouse and Jason Lane.

19. Defendants regularly refused to maintain accurate records for the tip pool and refused to disclose the tip amounts to Plaintiffs or to the other servers and bartenders. At any given time while Plaintiffs worked there, Unite would employ approximately 7 or 8 other servers and additional individuals as bartenders.

20. Upon information and belief, significant portions of the pooled tips were used to pay management salaries and salaries of dishwashers, cooks, janitors, and other operating expenses.

21. Due to Defendants' willfully poor and inaccurate record keeping, Plaintiffs and other similarly situated employees were provided W-2 forms for the tax year of 2014 that were inaccurate.

22. Defendants' practice of siphoning off funds from the tip pool to pay operating expenses and other employees that do not customarily receive tips, including management, also caused the financial statements of Unite to show irregularities and discrepancies.

23. Defendants' compensation scheme systematically deprived Plaintiffs of earned wages, as it violated both federal and state wage laws.

24. Defendants' refusal and/or failure to pay minimum wage and wages earned as alleged above was knowing and willful under 29 U.S.C. § 255(a); and violated the FLSA, 29 U.S.C.§ 201 *et seq*.

25. Defendants' refusal and/or failure to keep accurate time records for all hours worked and tips earned by Plaintiffs violated 29 U.S.C. §§ 211(c), 215(a)(5).

26. Plaintiffs did and continue to suffer damages as a result of Defendants' conduct alleged in this count.

WHEREFORE, Plaintiffs pray that the Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiffs all unpaid tips, wages, and overtime for the period of time alleged herein, together with pre and post-judgment interest;

c) Award Plaintiffs, in addition to any amounts awarded pursuant to paragraph (b) above, liquidated damages equal to the amount of wages awarded in paragraph (b) above; and

d) Award Plaintiffs' attorneys their fees for bringing this action.

**COUNT II – ILLINOIS MINIMUM WAGE LAW ALLEGATIONS AGAINST DEFENDANTS UNITE, KROUSE, AND LANE**

27. Plaintiffs reallege and incorporate all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

28. Defendants are employers within the meaning of IMWL. 820 ILCS § 105/3(c). 820 ILCS § 105/3(c) defines an employer as including "any individual . . . corporation . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee . . ."

29. Defendants' willful failure and refusal to pay Plaintiffs their earned gratuities, as alleged in paragraphs 1 through 26 of this Complaint, violates the IMWL's minimum wage requirements in 820 ILCS § 105/4(a)-(c).

30. Defendants also failed to keep accurate payroll and timekeeping records as required by Sections 105/8 and 105/11 of the IMWL. 820 ILCS §§ 105/8, 105/11.

31. Plaintiffs have and continue to suffer damages as a result of Defendants' conduct alleged in this Count.

WHEREFORE, Plaintiffs pray that this Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiffs all unpaid tips, wages, and overtime for the period of time alleged herein, together with pre and post-judgment interest;

c) Award Plaintiffs punitive damages equal to 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remained unpaid. 820 ILCS § 105/12;

d) Award Plaintiffs' attorneys their fees for bringing this action as contemplated by 820 ILCS § 105/12.

### COUNT III – ILLINOIS WAGE PAYMENT COLLECTION ACT ALLEGATIONS AGAINST DEFENDANTS UNITE, KROUSE, AND LANE

32. Plaintiffs reallege and incorporate all preceding paragraphs above into this Count as if fully set forth herein against Defendants.

33. Defendants at all relevant times were employers within the meaning of the IWPCA, 820 ILCS § 115/2.

34. By failing to pay Plaintiffs their gratuities earned, Defendants failed to pay Plaintiffs earned wages within the required seven (7) days after the end of the weekly pay in which these wages were earned. Defendants' willful refusal and continued failure to pay wages when earned by Plaintiff violates the IWPCA, 820 ILCS § 115/4.

35. Defendants also refused and failed to keep accurate payroll and timekeeping records as required by Illinois law. 820 ILCS § 115/11.

36. Plaintiffs have and continue to suffer damages as a result of Defendants' conduct alleged in this Count.

WHEREFORE, Plaintiffs pray that this Court:

a) Find that Defendants' unlawful conduct alleged herein be deemed knowing and willful;

b) Award Plaintiffs all unpaid tips, wages, and overtime for the period of time alleged herein, together with pre and post-judgment interest, as contemplated by the IWPCA;

c) Award Plaintiffs punitive damages equal to 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remained unpaid. 820 ILCS § 105/14;

d) Award Plaintiffs' attorneys their fees for bringing this action.

## JURY DEMAND

Plaintiffs, pursuant to Fed. R. Civ. P. 38(b), hereby demands a trial by jury for all issues so triable.

Dated: May 29, 2015

Respectfully submitted,

/s/ Shneur Nathan, Att. # 6294495
SHNEUR NATHAN

Shneur Nathan
Hale Law LLC
53 W. Jackson Blvd.
Suite 330
Chicago, IL 60604
312-870-6927 Phone
snathan@ahalelaw.com